UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON EUGENE MORRIS, | No. 2:18-cv-1418 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| C. RICHARDS, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I.     Three Strikes Analysis

Plaintiff has not yet submitted an application to proceed in forma pauperis in this case or paid the required filing fee of $350.00 plus the $50.00 administrative fee. However, as explained below, plaintiff will not be given the opportunity to submit an application to proceed in forma pauperis because he has accrued three strikes under 28 U.S.C. § 1915(g) and he has not shown that he is under imminent danger of serious physical injury. Instead, the court will recommend that plaintiff be required to pay the $400.00 in required fees or suffer dismissal of the complaint.

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

1

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).

    Inspection of other cases filed by plaintiff in this court and in the United States District Court for the Northern District of California and the Ninth Circuit Court of Appeals has led to the identification of at least four cases brought by plaintiff that qualify as strikes. The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

1. Morris v. Lushia, 9th Cir. No. 00-56600 (Ninth Circuit adopted district court's finding that appeal was not taken in good faith and case was dismissed for failure to pay the filing

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1. fee on March 13, 2001);[2]

2. Morris v. Duncan, N.D. Cal. No. 02-cv-0928 MJJ, 2002 U.S. Dist. LEXIS 29332 (case dismissed for failure to state a claim on May 3, 2002);

3. Morris v. Travis, N.D. Cal. No. 3:10-cv-4010 WHO, 2015 WL 7015327, 2015 U.S. Dist. LEXIS 153351 (case dismissed on November 12, 2015, as facially barred by the statute of limitations);[3]

4. Morris v. Travis, 3:14-cv-5134 WHO, 2015 WL 8641282, Morris v. Travis, 2015 U.S. Dist. LEXIS 167758 (case dismissed on December 14, 2015, as facially barred by the statute of limitations).

All of the preceding cases were dismissed well in advance of the May 18, 2018 filing of the instant action and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

The complaint alleges that plaintiff was regularly denied the ability to attend religious services between 2008 and 2010. ECF No. 1 at 3. These allegations do not demonstrate an imminent risk of serious physical injury at the time of filing. The undersigned will therefore

---

[2] When the Ninth Circuit relies on the district court's certification that appeals are not taken in good faith, the dismissed appeals "clearly count as strikes" because "lack of 'good faith' in this context has been held to be equivalent to a finding of frivolity." Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) (citing Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977)).

[3] See Belanus v. Clark, 796 F.3d 1021, 1023, 1027 (9th Cir. 2015) (dismissal for failure to state a cause of action upon which relief could be granted due to untimeliness constitutes a strike).

3

recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

You have at least three "strikes" under the Prison Litigation Reform Act and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint. Because your claims are based on the fact that you were not allowed to go to religious services, the exception imminent serious physical injury does not apply. It is therefore being recommended that you be required to pay the entire filing fee in full before you can go forward with your complaint.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff be ordered to pay the entire $400.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 7, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE